**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR | ) | |
| ENVIRONMENTAL RESPONSIBILITY, | ) | |
| 2000 P Street NW, Suite 240 | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:15-cv-1341 |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| UNITED STATES CONSUMER | ) | |
| PRODUCT SAFETY COMMISSION | ) | |
| 4330 East West Highway | ) | |
| Bethesda, MD 20814 | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, in order to compel the United States Consumer Product Safety Commission ("CPSC" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On May 12, 2015, Plaintiff sent a FOIA request via fax, U.S. mail and email seeking studies that CPSC claims to have conducted concerning consumer exposure to carbon monoxide. CPSC cited these studies in reports it submitted to Congress in 2001 and 2011, but the studies themselves are not publicly available.

4. To date, Defendant has failed to produce any records or even acknowledge the FOIA request.

5. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. CPSC's failure to provide even a single responsive document within the statutory time period coupled by its failure to indicate whether or when such documents would be forthcoming is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  This conduct frustrates the public's right to know whether the CPSC is adequately protecting the public against serious health risks posed by common consumer products.

7. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 52(a)(6)(C)(i), and now seeks an order from this Court requiring CPSC to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

9. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

10. This Court is a proper venue because Plaintiff resides in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real

property at issue).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue

in FOIA cases where the plaintiff resides, or in the District of Columbia).

11. This Court has the authority to award costs and attorneys' fees under 5 U.S.C.

§ 552(a)(4)(E).

## PARTIES

12. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C.

with field offices located in California, Colorado, Florida, Massachusetts, and Tennessee.

13. Among other public interest projects, PEER engages in advocacy, research, education, and

litigation relating to the promotion of public understanding and debate concerning key

current public policy issues.  PEER focuses on the environment, including the regulation and

remediation of toxic substances, public lands and natural resource management, public

funding of environmental and natural resource agencies, and ethics in government.

Informing the public about these important public policy issues is central to PEER's mission.

PEER educates and informs the public through news releases to the media on its website,

www.peer.org.

14. Defendant, CPSC, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

15. Defendant is charged with the duty to provide public access to records in its possession

consistent with the requirements of FOIA.

## STATEMENT OF FACTS

16. Pursuant to the Clean Air Act, EPA has set National Ambient Air Quality Standards (40

C.F.R Part 50) for six principal pollutants, referred to as "criteria" pollutants, considered

harmful to public health and the environment.[1]  Carbon monoxide (CO) emissions are, by

---

[1] These are CO, lead, nitrogen dioxide, ozone, particle pollution, and sulfur dioxide.

annual tonnage, the largest among the "criteria" air pollutants and larger than the combined

emissions of all other hazardous air toxics regulated by EPA.

17. CO is also the leading cause of unintentional poisoning deaths in the United States, and

several CPSC programs seek to reduce the deaths caused by CO from consumer products

such as portable electric generators.

18. On May 12, 2015 PEER filed a FOIA request seeking copies of three unique and unpublished

studies on consumer exposure to CO that the CPSC referenced in reports it submitted to

Congress in 2001 and 2011. In addition to the copies of the studies, PEER's request sought

any documents discussing why the studies were not made publicly available or were not

completed on schedule as well as "any communications to or from CPSC from industry or

other third parties concerning these items."

19. In its request, PEER identified the three studies thus:

   a. In section 46 on page E16 of CPSC's 2001 Report to Congress. A "modeling and
   health effects assessment" is described as follows:

   46. Ranges & Ovens (Carbon Monoxide)
   Highlights – At the request of the CPSC staff, in FY 2001 the National Institute
   for Standards and Technology (NIST) modeled the effects of home ranges and
   assessed potential CO health effects. The results of the modeling and the health
   effects assessment indicated that the standard did not need to be revised.

   b. On page 15 of CPSC's 2011 Report to Congress, a "project status update" that
   would be released for public comment in 2012 is described as:

   Brain Injury Study: In July 2011, the contractor provided a project status update
   with research results, to date, including partial, preliminary results on incidence
   of injury, severity of injury, short-term medical costs, work losses, and quality-
   of-life losses for . . . carbon monoxide poisoning for all ages.

   c. On page 62 of its Performance Accountability Report for 2011 to Congress,
   CPSC references a "staff's assessment of the expected behavioral response of
   consumers to low CO emission generators."

20. The study referenced in part (a) of paragraph 18 is important because a high percentage of American homes use gas ranges and ovens, and the potential health effects of CO exposure through these appliances – and the CO standards governing these appliances – are of obvious interest to the public and public health professionals.  To our knowledge, this is a unique study which has not been published or replicated anywhere.

21. The study referenced in part (b) of paragraph 18 is important because this information is not publicly available and could be of interest to the public and public health professionals.

22. The study referenced in part (c) of paragraph 18 is important because current CPSC-endorsed Underwriters Laboratory (UL) standards[2] prohibit the continuous display of CO levels below 30ppm and prohibit alarms below 70ppm (unless over 30ppm continuously for 30 days), even though EPA's limit for outdoor exposure to CO is only 9 parts per million average over eight hours.  It is in the public interest to learn the range of low level CO exposure that CPSC staff studied in humans and the types of behavioral responses they documented.  To the best of Plaintiff's knowledge, CPSC has never published any other study of behavioral responses to low level CO exposure.

23. Plaintiff sent the FOIA request by First Class mail posted on May 12, 2015.  That same day, PEER also sent the FOIA request by email and fax.  Plaintiff has electronic record of the email, as well as a fax confirmation showing successful transmission on that date to the fax number listed on CPSC's FOIA information webpage.

24. Pursuant to 5 U.S.C. § 552(a)(6), Defendant had twenty working days from the date of receipt to respond or to assert the need for a ten day extension.  *See also* 16 C.F.R. § 1015.5.

25. Twenty working days from the presumptive date of receipt of the request was June 10, 2015.

---

[2] Specifically, UL 2034 and UL 2075; these are the standards used to certify the safety of most CO alarms.

26. To date, Plaintiff has not received any records responsive to its May 12, 2015 FOIA request. In fact, Defendant has not even acknowledged receipt of Plaintiff's request, nor assigned a tracking number.  Plaintiff's follow up email inquiry email on June 9, 2015 to CPSC FOIA Officer Alberta Mills providing a copy of the request and seeking both acknowledgement of the request and information about its status remains unanswered.

27. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

28. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

29. Plaintiff incorporates the allegations in the preceding paragraphs.

30. Defendant's failure to disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552 *et seq*., and the Agency's own regulations promulgated there under, 16 C.F.R. § 1015.1 *et seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  i.   Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

  ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii.    Maintain jurisdiction over this action until Defendant complies with the FOIA, the

        Administrative Procedure Act, and every order of this Court;

iv.     Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.      Grant such additional and further relief to which Plaintiff may be entitled.


                    Respectfully submitted on August 19, 2015,


                            __/s/_____
                            Laura Dumais, DC Bar # 1024007
                            Public Employees for Environmental Responsibility,
                            2000 P Street, NW Suite 240
                            Washington, D.C. 20036
                            (202) 265-7337

                            *Attorney for Plaintiff*